J-A22006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AARON WALTER ROBINSON | : | |
| | : | |
| Appellant | : | No. 2 MDA 2020 |

Appeal from the Judgment of Sentence Entered April 18, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001681-2012

BEFORE: SHOGAN, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED SEPTEMBER 24, 2020**

Aaron Walter Robinson (Appellant) appeals from the judgment of sentence imposed following resentencing that occurred pursuant to our decision in Appellant's prior appeal. ***See Commonwealth v. Robinson***, 852 MDA 2017 (Pa. Super. Jan. 24, 2018) (unpublished memorandum). Appellant challenges the legality of his sentence following remand. We affirm.

We previously summarized:

This case arose out of multiple armed robberies and kidnappings of Leroy Freeman in December of 2011 by Appellant and a co-defendant. The Commonwealth charged Appellant with three counts of robbery, two counts of kidnapping to facilitate a felony, criminal conspiracy, theft by extortion, and unlawful restraint/risking serious injury.[1] Appellant absconded, but the United States Marshal's Fugitive Task Force eventually apprehended him on February 2, 2012, in Richmond, Virginia.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(ii), 2901(a)(2), 903(a)(1), 3923(a)(1), and 2902(a)(1).

Following a three-day trial, a jury convicted Appellant of the foregoing offenses on January 18, 2013. Prior to sentencing, the Commonwealth filed two notices of its intent to seek mandatory minimum sentences: a minimum of ten years of incarceration because Appellant had a prior conviction for a crime of violence in 1993, and a minimum of five years of incarceration pursuant to 42 Pa.C.S. § 9712(a) because Appellant committed the instant offenses with a firearm.

The trial court sentenced Appellant on April 2, 2013, to incarceration for an aggregate term of thirty-six to seventy-two years. Appellant filed post-sentence motions, which the trial court denied on July 9, 2013. We affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Robinson*, 104 A.3d 60, 1281 MDA 2013 (Pa. Super. Filed May 27, 2014) (unpublished memorandum), *appeal denied*, 104 A.3d 525, 446 MAL 2014 (Pa. filed December 10, 2014).

Appellant filed a timely *pro se* [Post Conviction Relief Act] PCRA petition, challenging the effectiveness of trial and appellate counsel and the imposition of mandatory minimum sentences. Petition, 7/24/15, at ¶ 6. The PCRA court appointed counsel and granted leave to file an amended petition. Following two extensions for review of Appellant's collateral claims, PCRA counsel concluded that Appellant's petition did not present any issues of arguable merit. Consequently, counsel filed a no-merit letter pursuant to [*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988)] and a petition to withdraw on March 2, 2016. . . .

The PCRA court [] dismissed Appellant's petition and granted counsel leave to withdraw. Order, 5/3/17.

*Robinson*, 852 MDA 2017 at *1-3 (footnotes omitted and footnote added).

Appellant appealed, and on January 24, 2018, we affirmed the PCRA court's denial of collateral relief; however, we vacated Appellant's judgment of sentence and remanded for resentencing. We determined that the mandatory sentence Appellant received pursuant to 42 Pa.C.S.A. § 9712 was

illegal given the United States Supreme Court's holding in *Alleyne v. United States*, 570 U.S. 99 (2013). *See also Robinson*, 852 MDA 2017 at *8 ("Thus, applying *Alleyne*, we agree with Appellant that the mandatory minimum sentence imposed under 42 Pa.C.S. § 9712 is illegal.").

On April 18, 2019, the trial court resentenced Appellant to an aggregate sentence of 34 to 68 years of incarceration. Appellant filed this timely appeal.[2] Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant states his single issue as follows:

> This Court remanded [Appellant's] case for [resentencing]. The Commonwealth had previously sought, and the [trial] court imposed several second-strike mandatory sentences. The Commonwealth did not file a new notice of its intent to seek the second-strike mandatory sentence before resentencing. Was the [trial] court's sentence illegal?

Appellant's Brief at 4 (trial court's answer omitted).

Appellant claims his sentence is illegal because the Commonwealth failed to provide him with reasonable notice that it intended to seek a mandatory minimum sentence as required by 42 Pa.C.S.A. § 9714(d). *See* Appellant's Brief at 7-9.

_____

[2] On April 24, 2019, Appellant filed a timely notice of appeal from the April 18, 2019 judgment of sentence. However, Appellant's counsel failed to file a brief and we dismissed Appellant's appeal on August 28, 2019. *See Commonwealth v. Robinson*, 684 MDA 2019 (*per curiam* order). On October 3, 2019, Appellant filed a timely *pro se* PCRA petition with the trial court alleging ineffective assistance of counsel. The trial court granted Appellant's PCRA petition on December 17, 2019 and reinstated his appellate rights *nunc pro tunc*. Appellant filed the instant notice of appeal *nunc pro tunc* on December 26, 2019.

The application of a mandatory sentencing provision implicates the legality of sentencing. *Commonwealth v. Dixon*, 53 A.3d 839, 842 (Pa. Super. 2012) (citation omitted). Therefore, "our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Horning*, 193 A.3d 411, 414 (Pa. Super. 2018).

Section 9714 of the Sentencing Code provides in relevant part:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a minimum sentence of at least ten years of total confinement, notwithstanding any other provision of this title or other statute to the contrary. . . .

**(d) Proof at sentencing.--** . . . [R]easonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. . . .

42 Pa.C.S.A. § 9714(a), (d).

While Appellant admits that he "knew that the Commonwealth was seeking the second-strike mandatory at his original sentencing," he avers that the "law regarding resentencing requires the Commonwealth to provide a new notice of its intent to seek a second-strike mandatory sentence" prior to resentencing. Appellant's Brief at 8-9. In response, the Commonwealth argues that it:

. . . properly complied with 42 Pa.C.S. §[]9714 when it provided [Appellant] with notice of the applicability of the mandatory minimum sentence on three separate occasions prior to sentencing. As a result of the Commonwealth's numerous notices,

[Appellant] and his counsel readily acknowledged the applicability of the mandatory minimum sentence at the time of his resentencing hearing on April 18, 2019. Finally, the plain language of 42 Pa.C.S. § 9714 does not distinguish between sentencing and resentencing in the context of notice. Instead, it only requires the Commonwealth to provide notice *after* conviction and *before* sentencing.

Commonwealth Brief at 7 (emphasis in original).

The trial court responded emphatically, explaining:

Appellant seeks to argue that the court illegally imposed a second-strike mandatory sentence pursuant to 42 Pa.C.S.A. § 9714 because the Commonwealth failed to provide notice of the applicability of that provision. Appellant's argument is frivolous.

Pursuant to section 9714(a), any person who is "convicted in any court of this Commonwealth of a crime of violence shall, if at the time of the commission of the current offense the person had previously been convicted of a crime of violence, be sentenced to a mandatory minimum sentence of at least ten years of total confinement. . . ." 42 Pa.C.S.A. § 9714(a)(1). Because of the provisions of this section are, by statute, not elements of any particular offense, the Commonwealth is not obligated to provide a defendant with notice of its intent to pursue the second-strike mandatory sentence *before* trial. **Id.** [at] § 9714(d). However, "reasonable notice of the Commonwealth's intention to proceed under [§ 9714(a)(1)] shall be provided *after* conviction and *before* sentencing." **Id.** (emphasis added).

The record in this case clearly establishes that, after Appellant's conviction on January 18, 2013, the Commonwealth notified him, in writing, of its intent to seek a mandatory minimum sentence of ten years' incarceration as a result of Appellant's conviction for a "crime of violence" in 1993. **See** Notice of Intent to Seek Mandatory Sentencing at ¶ 5. Moreover, the Sentencing Guidelines Worksheet also notified Appellant that he faced a mandatory minimum term of ten years' incarceration as a second-strike offender pursuant to 42 Pa.C.S.A. § 9714(a)(2). Finally, the Pre-Sentencing Investigation Report, filed on February 7, 2013, stated that Appellant faced the mandatory term of ten years' incarceration for a second strike. **See** Pre-Sentence Investigation Report at 2. Thus, the record confirms that the

> Commonwealth provided Appellant with notice of the applicability of the mandatory minimum sentence on three separate occasions prior to his sentencing. Accordingly this claim lacks merit.

Trial Court Opinion, 1/28/20, at 8-9 (footnotes omitted, emphasis in original).

Upon review, we agree that Appellant's argument lacks merit. The record indicates that Appellant received proper notice of the Commonwealth's intent to pursue a mandatory minimum sentence under Section 9714(a). The jury rendered its convictions on January 18, 2013. On April 2, 2013, the Commonwealth filed with the trial court and served Appellant's counsel with a copy of its notice of intent to seek mandatory sentencing.[3] **See** Notice of Intent to Seek Mandatory Sentencing, 4/2/13, at 1-3 (unnumbered). The Commonwealth notice provided:

1. On January 18, 2013, [Appellant], was convicted following a jury trial of [three counts of robbery; criminal conspiracy; two counts of kidnapping; theft by extortion; and unlawful restraint].

2. Each of the above-referenced offenses occurred on or between December 11 to December 18, 2011.

3. Each of the above-referenced offenses (excluding the Theft by Extortion and Unlawful Restraint) constitute "crimes of violence" as defined by 42 Pa.C.S.A. § 9714(g).

4. [Appellant] has a prior conviction for a "crime of violence"; specifically, on November 4, 1993, [Appellant] was convicted of Aggravated Assault (F1) before this Honorable Court. (See attached copies of Certified Records and statutes).

---

[3] At the April 2, 2013 sentencing hearing, Appellant's counsel expressly stated that "the defense received a copy of the notice of intent to seek mandatory sentencing this morning. I reviewed it before coming in here this morning." N.T., 4/2/13, at 3.

5. Pursuant to 42 Pa.C.S.A. § 9714, the Commonwealth hereby gives formal notice to [Appellant] that it intends to seek a sentence of at least the mandatory minimum of ten (10) years incarceration for each of the above-referenced offenses. . . .

*Id.* at 1-2 (unnumbered).

The trial court originally sentenced Appellant on April 2, 2013. After this Court vacated the sentence and remanded, the trial court resentenced Appellant on April 18, 2019. We agree with the trial court's determination that Appellant was afforded ample and appropriate notice of the Commonwealth's intent to seek a mandatory minimum second-strike sentence at resentencing. Section 9714 does not contain any provision requiring renewed notice if a defendant is to be resentenced. *See* 42 Pa.C.S.A. § 9714. Nor does Appellant cite any case law or other authority to support his contention that where he previously received notice of the Commonwealth's intent, the Commonwealth must "provide a new notice of its intent to seek a second-strike mandatory sentence." Appellant's Brief at 7-9. The record reveals that the Commonwealth satisfied the mandate of Section 9714(d) by providing Appellant with notice of its intent to seek a mandatory minimum sentence following Appellant's convictions, but before resentencing.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/24/2020</u>